UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL MAURICE DUKES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES CHAU, et al.,<br><br>　　　　Defendants. | No. 1:25-cv-00486-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3) |

　　　Plaintiff is proceeding pro se and in forma pauperis n this action filed pursuant to 42 U.S.C. § 1983.

　　　Plaintiff filed the instant action on April 28, 2025, along with a motion for appointment of counsel. (ECF Nos. 1, 3.) Plaintiff seeks appointment of counsel on the basis that he has made unsuccessful efforts to obtain counsel, is unable to afford counsel, has limited access to the law library and legal materials, has limited education, and his medical issues coupled with his status as a prisoner limit his ability to litigate this case. (ECF No. 3.)

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional

1

1 circumstances the court may request the voluntary assistance of counsel pursuant to section
2 1915(e)(1). Rand, 113 F.3d at 1525.

3     Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

    In the present case, the Court does not find the required exceptional circumstances. A cursory review of Plaintiff's complaint demonstrates that he is capable of legibly articulating the facts and circumstances relevant to his claims, which do not appear to be exceptionally legally complex, and the Court has yet to screen his complaint and cannot determine whether he is likely to succeed on the merits of his claims. Accordingly, Plaintiff's the motion for appointment of counsel is DENIED without prejudice to its renewal at a later stage of these proceedings.

IT IS SO ORDERED.

Dated: __May 2, 2025__

                        STANLEY A. BOONE
                        United States Magistrate Judge

2