UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL MAURICE DUKES,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CHAU, et al.,<br><br>Defendants. | No. 1:25-cv-00486-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis n this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on April 28, 2025.

Currently before the Court is Plaintiff's motion for leave to file a supplemental complaint, filed June 30, 2025.  (ECF No. 12.)

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

1

1 | Fed. R. Civ. P. 15(d).

2 |     "Rule 15(d) provides a mechanism for parties to file additional causes of action based on
3 | facts that didn't exist when the original complaint was filed." Doe v. Butte Cnty. Prob. Dep't, No.
4 | 220CV02248TLNDMC, 2022 WL 705616, at *2 (E.D. Cal. Mar. 9, 2022) (citing Cabrera v. City
5 | of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (per curiam)).

6 |     A party may only file a supplemental complaint with leave of court. Fed. R. Civ. P. 15(d).
7 | "In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency."
8 | Id. (quoting Yates v. Auto City 76, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing Planned
9 | Parenthood of S. Az. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997)). The use of supplemental
10 | pleadings is "favored" because it enables a court to award complete relief in one action "to avoid
11 | the cost, delay and waste of separate actions which must be separately tried and prosecuted." Id.
12 | (quoting Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) (citing New Amsterdam Cas. Co. v.
13 | Waller, 323 F.2d 20, 28–29 (4th Cir. 1963).  However, even though supplemental proceedings are
14 | "favored," they "cannot be used to introduce a separate, distinct, and new cause of action." Id.
15 | (citing Neely, 130 F.3d at 402 (citations omitted)).  Rather, matters newly alleged in a
16 | supplemental complaint must have "some relation to the claims set forth in the original pleading."
17 | Id. (quoting Keith, 858 F.2d at 474.

18 |     "The legal standard for granting or denying a motion to supplement under Rule 15(d) is
19 | the same as the standard for granting or denying a motion under Rule 15(a)." Id. (quoting Yates,
20 | 299 F.R.D. at 614.) Courts commonly apply the five Foman factors to Rule 15(d) motions: (1)
21 | undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of
22 | previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the
23 | amendment. Id. (citing Lyon v. U.S. Immigr. & Customs Enf't, 308 F.R.D. 203, 214 (N.D. Cal.
24 | 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Natural Resources Defense Council v.
25 | Kempthorne, No. 1:05-cv-01207-LJO GSA, 2016 WL 8678051 (E.D. Cal. Apr. 22, 2016)).
26 | Among these five factors, "it is the consideration of prejudice to the opposing party that carries
27 | the greatest weight." Id. (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052
28 | (9th Cir. 2003)). "Absent prejudice or a 'strong showing' of any other Foman factor, there is a

1    presumption in favor of granting leave to supplement." Id. (quoting Lyon, 308 F.R.D. at 214
2    (citing Eminence Capital, LLC, 316 F.3d at 1052)). Supplementation should be permitted where
3    doing so would serve Rule 15(d)'s goal of judicial efficiency, and a court should assess whether
4    an entire controversy can be settled in one action. Id. (citing Neely, 130 F.3d at 402).

5        As discussed above, Federal Rule of Civil Procedure 15(d) is a tool of judicial economy
6    and convenience, and the Court finds that these interests would not be served by allowing
7    Plaintiff to supplement his complaint here.

8        First, Plaintiff's motion does not appear to be a supplement to the original complaint, but
9    rather a request to submit two exhibits in support of the allegations in his original complaint.
10   Indeed, Plaintiff motion to supplement does not allege factual allegations that took place after the
11   original complaint was filed.  Accordingly, Plaintiff's motion does not properly seek to
12   supplement the original complaint.  Second, Plaintiff's supplemental complaint is not complete in
13   itself as required by Local Rule 220.  Third, the Court has yet to screen Plaintiff's original
14   complaint and there is no need to submit evidence in support of his alleged complaint.  The Court
15   must accept Plaintiff's allegations as true. Plaintiff is not required to submit evidence in support
16   of his contentions. Indeed, parties may not file evidence with the Court until the course of
17   litigation brings the evidence into question (for example, on a motion for summary judgment, at
18   trial, or when requested by the Court).  (See ECF No. 4 at 3:10-13 ["Evidence improperly
19   submitted to the Court may be stricken/returned.  Similarly, a pro se plaintiff need not attach
20   exhibits to his complaint to prove the truth of what is said in the complaint."].)  Presently,
21   Plaintiff's complaint is pending screening, no motions for summary judgment are before the
22   Court, and no trial date has been set. In this circumstance, the Court cannot and will not serve as a
23   repository for Plaintiff's evidence (e.g., prison or medical records, affidavits, declarations, etc.).
24   Accordingly, Plaintiff's motion to supplement the complaint to submit evidence shall be denied.

25   **II.**

26   **ORDER**

27       Based on the foregoing, it is HEREBY ORDERED that:

28       1.    Plaintiff's motion to supplement the complaint (ECF No. 12), is DENIED;

2. The Clerk of Court shall return the exhibits attached to the motion to supplement the complaint to Plaintiff (ECF No. 12); and

2. The Court will screen Plaintiff's original complaint (ECF No. 1) is due course.

IT IS SO ORDERED.

Dated: __**July 1, 2025**__

STANLEY A. BOONE
United States Magistrate Judge

4