1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DARNELL MAURICE DUKES, | No. 1:25-cv-00486-SAB (PC) |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN AMENDED COMPLAINT IN COMPLIANCE WITH THE COURT'S JULY 24, 2025 SCREENING ORDER |
| v. | |
| JAMES CHAU, et al., | |
| | (ECF No. 19) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis n this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 22, 2025. (ECF No. 19.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## DISCUSSION

Plaintiff's amended complaint fails to comply with Local Rule 220. Local Rule 220 provides, in pertinent part, as follows:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Local Rule 220.

1    Plaintiff's first amended complaint makes reference to allegations he made in his original
2 complaint, without re-stating the prior allegations in the first amended complaint. (ECF No. 19.)
3 Indeed, in the supporting facts section of his claims, Plaintiff states "[s]ee original complaint, and
4 attached exhibits…." (ECF No. 19 at 6.) Plaintiff may not incorporate allegations from his
5 superseded original complaint into his first amended complaint by simply referring to them in the
6 first amended complaint. If Plaintiff wishes to bring the same or similar allegations again, he must
7 re-state those allegations in the new amended complaint. Under Rule 220, the new amended
8 complaint must be "complete in itself without reference to the prior or superseded pleading."
9 Local Rule 220. Therefore, Plaintiff's first amended complaint violates Rule 220.

10    In addition, "a pro se litigant cannot simply dump a stack of exhibits on the court and
11 expect the court to sift through them to determine if some nugget is buried somewhere in that
12 mountain of papers, waiting to be unearthed and refined into a cognizable claim." Samtani v. City
13 of Laredo, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017). "The Court will not comb through
14 attached exhibits seeking to determine whether a claim possibly could have been stated where the
15 pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach
16 exhibits." Stewart v. Nevada, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9,
17 2011). Because the Court cannot perform its requisite screening of Plaintiff's first amended
18 complaint, Plaintiff shall be granted leave to file a second amended complaint to address these
19 violations.

20    Lastly, as stated in the screening order, an amended complaint should be brief, Fed. R.
21 Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of
22 Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the
23 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
24 ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of
25 this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no
26 "buckshot" complaints). Lastly, the Court cannot refer to a prior pleading in order to make
27 Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be
28 complete in itself without reference to any prior pleading. This requirement exists because, as a

general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, (ECF No. 19), violates Local Rule 220 and failure to state a claim for relief;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Plaintiff is granted leave to file a Second Amended Complaint, limited to 25 pages in length, curing the deficiencies identified by the Court in this order, within thirty (30) days from the date of service of this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:25-cv-00486-KES-SAB-PC; and

5. If Plaintiff fails to file a Second Amended Complaint within thirty days, this case will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:  **October 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4