UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL MAURICE DUKES, | No. 1:25-cv-00486-KES-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| JAMES CHAU, et al., | (ECF No. 26) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis n this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed February 2, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names Doctor James Chau, Chief Physician & Surgeon Jason Mevi, Health Care Appeals Registered Nurse Z. Ballesil, Chief Executive Officer R. Recarey, and Deputy Director of CDCR S. Gates, as Defendants. Plaintiff seeks to sue all Defendants in their individual and official capacities.

With regard to each Defendants Chau, Mevi, Ballesil, and Recarey, Plaintiff alleges as follows:

He/She is being sued in his/her individual capacity and official capacity.  At all times, said defendant operated within his/her course and scope of employment and under color of law.  He/She was responsible to oversee the care of the Plaintiff's medical needs (in a supervisory role, and as such was responsible for granting request for shown requests for medical needs) [as to Defendants Mevi, Ballesil, and Recarey], and did knowingly deny treatment for the clear medical needs of the plaintiff, and failed to secure the requisite medical care (in accordance with Plaintiff's rights) and to further safeguard the plaintiff from the ongoing, wanton infliction of pain, and said action (or inaction) was further deliberate indifference to plaintiff[']s protected right to be free from cruel and unusual punishment.  The issue of non-treatment despite medical need, and as extreme pain exists from the untreated injury resulted in unnecessary continuing pain.  The power to treat/elevate the care the injury and send the Plaintiff to the specialist was within the Defendants purview.  Deliberate indifference is clear when prison officials, deny, delay or intentionally interfere with medical treatment, and may also be shown by the way in which prison physicians provide medical care. (See included administrative remedy process attached as Exhibit A).

(ECF No. 26 at 6-8.)

With regard to Defendant Gates, Plaintiff alleges as follows:

He/She is being sued in his or her individual and official capacity.  At all times mentioned said defendant, acted with in the course of his/her employment and under the color of law.  He or she was responsible to oversee the actions of Plaintiff's medical appeal (Tracking #VSP-HC-24000569), at the Headquarters level response, he or she had the authority to intervene and to secure the requisite medical care (in accordance with Plaintiff's rights) and to further safeguard the plaintiff from the ongoing, wanton infliction of pain, and said action (or inaction) was further deliberate indifference to plaintiff[']s protected right to be free from cruel and unusual punishment.  The issue of non-treatment despite medical need, and as extreme pain exists from the untreated injury resulted in unnecessary continuing pain.  The power to treat/elevate the care the injury and send the Plaintiff to the specialist was within the Defendants purview.  Deliberate indifference is clear when prison officials, deny, delay or intentionally interfere with medical treatment, and may also be shown by the way in which prison physicians provide medical care. (See included administrative remedy process attached as Exhibit A).

(Id. at 9.)

## III.

### DISCUSSION

### A.   Official Capacity

"Suits against state officials in their official capacity ... should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a

suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation & citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025-26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff cannot pursue claims for damages or injunctive relief against any of the Defendants in their official capacities, as such claims are barred by the Eleventh Amendment.

**B.     Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. Id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

4

and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, to the extent Plaintiff is attempting to hold Defendants liable because of their supervisory role, he cannot do so as there is no respondeat superior liability under section 1983. In addition, for the reasons explained below, Plaintiff has failed to allege that any Defendant acted with deliberate indifference to a serious medical need, and there can be no superior liability without an underlying constitutional violation.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability is not an independent cause of action under § 1983, and to state a claim against supervisory personnel Plaintiff must allege both an underlying constitutional violation and a sufficient causal connection between the supervisor's actions and the violation).

C.      Deliberate Indifference to Serious Medical Need

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.)  Second, the plaintiff

5

must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted).  However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).)  In addition, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

Plaintiff has failed to state a cognizable claim for deliberate indifference.  Plaintiff appears to contend that Defendants failed to continue his medical care after his treatment in the Riverside County Jail.  Plaintiff fails to state a claim regarding his medical care. Plaintiff's disagreement with Defendants or any other healthcare providers regarding his diagnosis, medical treatment, or the manner in which they enter notes in his file are not sufficient to show deliberate indifference to serious medical needs. A prisoner's disagreement with a physician's treatment or diagnosis does not support a claim of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

///

6

Nor has Plaintiff demonstrated that any Defendant acted maliciously or with a conscious disregard of a serious risk Plaintiff might be harmed by their action or inaction.  Indeed, in denying Plaintiff's grievance at the headquarters' level of review, it was specifically noted, in pertinent part:

> Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.  These records indicate on February 5, 2025, you were seen by the primary care provider.  The provider noted you requested gabapentin for pain management and denied alternative pain medications.  The provider noted you were able to ambulate appropriately with use of walker and that gabapentin was not medically necessary.
>
> You are currently prescribed acetaminophen and lidocaine topical film for pain control.
>
> You are currently classified as DPO (severe mobility restrictions with intermittent wheelchair use) and have a lifting restriction, special cuffing, bottom bunk and ground floor (no stairs), and grab bar accommodations.  Your listed durable medical equipment includes a cane, a disability vest, a knee brace, therapeutic shoes, a walker, a wheelchair, and a CPAP machine.
>
> You have received primary care provider evaluation and monitoring for your history of chronic pain.  The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care, including treatments, medications, accommodations, and medically necessary referrals.
>
> Your Primary Care Team has not indicated that transfer is medically necessary at this time.

(ECF No. 26, Ex A at 20.)  In addition, at the institutional level or review it was specifically noted that Plaintiff received nursing assessments and ongoing primary care physical evaluations and treatment on: February 26, 2024; June 12, 2024; June 20, 2024; June 28, 2024; July 12, 2024; July 26, 2024; August 21, 2024; and August 26, 2024.  (Id. at 23-24.)

Plaintiff alleges that Defendant S. Gates reviewed his inmate appeal and failed to intervene and stop the actions of the other Defendants.  However, an "allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983." Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015). And nothing in the grievance decisions plausibly suggests that these Defendants were deliberately indifferent to Plaintiff's medical needs. As reflected in the grievance responses, Plaintiff's

7

medical condition was evaluated and he was provided appropriate treatment and accommodations.  Thus, the fact that Defendant S. Gates did not second-guess the treatment decisions of the other Defendants cannot plausibly suggest deliberate medical indifference. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

### D.   Due Process-Denial of Inmate Grievance

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Correctional or jail officials are not required under federal law to process inmate grievances in any specific way. Allegations that correctional officials denied or refused to process grievances do not state a cognizable claim for a violation of a prisoner's due process rights, because there is no right to a particular grievance process or response. See, e.g., Rodriguez v. Moore, No. 2:18-cv-1089-TLN-KJN P, 2018 WL 3203131, at *3 (E.D. Cal. June 28, 2018) (finding pretrial detainee had no due process right to a grievance procedure).  Accordingly, Plaintiff fails to state a cognizable claim regarding the grievance process.

### E.   Further Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, a district court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed[.]" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008); see also In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097–98 (9th Cir. 2002) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations and citation omitted).

Because Plaintiff's second amended complaint is deficient for essentially the same reasons as those articulated in the Court's prior screening orders, and because Plaintiff has failed to remedy the deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that

leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).  Despite being advised of the factual and/or legal deficiencies, Plaintiff's second amended complaint fails to state a claim and further leave to amend would be futile.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2026**

STANLEY A. BOONE
United States Magistrate Judge